ORIGINAL

By Fax

1  DON HOWARTH, State Bar No. 53783
   dhowarth@howarth-smith.com
2  SUZELLE M. SMITH, State Bar No. 113992
   ssmith@howarth-smith.com
3  HOWARTH & SMITH
   523 West Sixth Street, Suite 728
4  Los Angeles, California 90014
   Telephone: (213) 955-9400
5  Facsimile: (213) 622-0791

6  Attorneys for Plaintiff Gradillas Court
   Reporters, Inc.

7

**FILED**

MAR 28 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  GRADILLAS COURT REPORTERS, INC.,          CASE NO. 2:17-cv-00597-RBS-DEM

11                       Plaintiff,           **PLAINTIFF GRADILLAS COURT
                                              REPORTERS, INC.'S NOTICE OF**
12          vs.                               **MOTION AND MOTION TO COMPEL
                                              PRODUCTION OF DOCUMENTS BY**
13  CHERRY BEKAERT, LLP AND SARA              **BEHMKE REPORTING AND VIDEO**
    CRABTREE,                                 **SERVICES**
14

15                       Defendants.

16

17  / / /        **CV 18 80 064 MISC KAW**

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

**TABLE OF CONTENTS**

2    NOTICE OF MOTION..................................................................................................................4

3    I.    INTRODUCTION ...............................................................................................................5

4    II.    GRADILLAS' SUBPOENA..............................................................................................7

5    III.    RESPONSE TO THE SUBPOENA AND MEET AND CONFER ...........................................9

6    IV.  ARGUMENT........................................................................................................................10

7           A.    The Requested Documents Are Highly Relevant To Gradillas' Claims And

8                There Is No Alternate Source ........................................................................................10

9           B.    Behmke Cannot Refuse To Produce Based On Its Claim Of Trade Secret

10                Immunity........................................................................................................................12

11                1.    There Is No Absolute Privilege For Trade Secrets ..................................12

12                2.    Gradillas Has Shown A Substantial Need for Behmke's Documents...................... 15

13                3.    Gradillas Has Offered to Stipulate to a Protective Order and Pay Costs ................ 15

14    V.    BEHMKE'S PLACE OF COMPLIANCE OBJECTION IS MOOT ..................................... 16

15    VI.    CONCLUSION...................................................................................................................16

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY BEHMKE REPORTING

## TABLE OF AUTHORITIES

**CASES**                                                                                                 **PAGE(S)**

*Ashman v. Solectron Corp.,*
   No. C08-01430 HRL, 2009 WL 1684725 (N.D. Cal. June 12, 2009) ........................................... 11

*Brown Bag Software v. Symantec Corp.,*
   960 F.2d 1465 (9th Cir. 1992) ...................................................................................................... 15

*Centurion Indus., Inc. v. Warren Steurer and Assoc.,*
   665 F.2d 323 (10th Cir. 1981) ...................................................................................................... 12

*Daubert v. Merrell Dow Pharm., Inc.,*
   509 U.S. 579 (1993)............................................................................................................... 10, 11

*EEOC v. AutoZone Inc.,*
   631 F. Supp. 2d 1076 (C.D. Ill. 2009)).................................................................................. 11, 12

*EEOC v. Envtl. & Demolition Servs.,*
   246 F.R.D. 247 (D. Md. 2007) ..................................................................................................... 11

*Equal Employment Opportunity Commission v. Fisher Sand and Gravel Co.,*
   No. CV 09-0309 MV/WPL, 2009 WL 10696549 (D.N.M. Dec. 14, 2009)................................. 11

*Federal Open Market Committee v. Merrill,*
   443 U.S. 340 (1979) ..................................................................................................................... 12

*Gonzales v. Google, Inc.,*
   234 F.R.D. 674 (N.D. Cal. 2006)........................................................................................ *passim*

*Gyro-Trac Corp. v. Vermeer Mfg. Co.,*
   No. 2:11-CV-02533-RMG, 2012 WL 13002179 (D.S.C. Aug. 21, 2012) ................................... 15

*Hartford Accident & Indem. Co. v. Superior Court,*
   37 Cal. App. 4th 1174 n.3 (1995) ................................................................................................ 12

*Innovative Therapies, Inc. v. Meents,*
   302 F.R.D. 364 (D. Md. 2014) ..................................................................................................... 15

*McDonnell Douglas Corp. v. NASA,*
   180 F.3d 303 (D.C. Cir. 1999)...................................................................................................... 14

*Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,*
   288 F.R.D. 500 (D. Nev. 2013) .................................................................................................... 11

*Omega S.A. v. Costco Wholesale Corp.,*
   No. CV 04-5443-TJH RCX, 2005 WL 6411417 (C.D. Cal. June 8, 2005)................................. 13

*Pasadena Oil & Gas Wyoming LLC v. Montana Oil Properties Inc.,*
   320 F. App'x 675 (9th Cir. 2009).................................................................................................. 12

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY BEHMKE REPORTING

**TABLE OF AUTHORITIES (continued)**

**CASES**                                                               **PAGE(S)**

*Preferred Sys. Sols., Inc. v. GP Consulting, LLC,*
    284 Va. 382 (2012) .................................................................................................................. 6, 10

*Scott v. Clarke,*
    No. 3:12-CV-00036, 2013 WL 6158458 (W.D. Va. Nov. 25, 2013) ............................................. 11

*Sou v. Bash,*
    No. 2:15-CV-698-APG-VCF, 2015 WL 7069297 (D. Nev. Nov. 10, 2015) ................................. 11

**RULES**

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 11

Fed. R. Civ. P. 45(c)(2)................................................................................................................. 8, 16

Fed. R. Civ. P. 45(d)(2)(B)(i) .................................................................................................... 4, 7, 10

Fed. R. Evid. 401 .............................................................................................................................. 10

18 U.S.C. § 1905...............................................................................................................................14

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY BEHMKE REPORTING

1 | **PLAINTIFF GRADILLAS COURT REPORTERS, INC.'S NOTICE OF MOTION**
2 | **TO COMPEL PRODUCTION OF DOCUMENTS BY BEHMKE REPORTING AND VIDEO**
3 | **SERVICES**

4 |     Pursuant to Federal Rule of Civil Procedure section 45(d)(2)(B)(i), Plaintiff Gradillas Court
5 | Reporters, Inc. ("Gradillas") respectfully moves this Court for an Order compelling Behmke
6 | Reporting and Video Services ("Behmke") to produce the documents called for by the Subpoena to
7 | Produce Documents served on Behmke at its Burbank office on February 2, 2018 and again at its
8 | San Francisco office on February 21, 2018 (the "Subpoena").

9 |     This Motion is made on the grounds that (1) the documents sought by the Subpoena are
10 | highly relevant to the claims of Gradillas in the instant case, as they contain information which
11 | Plaintiff's financial expert has requested and cannot be obtained elsewhere, and (2) Behmke's
12 | response to the Subpoena, in which it objected to and refused to produce documents sought by the
13 | Subpoena on the grounds of alleged lack of relevance and protection of trade secret information
14 | does not justify withholding the information under a protective order. The Motion is based on this
15 | notice, the attached memorandum of points and authorities in support, any reply memorandum filed,
16 | the declarations of Suzelle M. Smith, Alice Gilbert, and Andrea Wilson filed concurrently herewith,
17 | the record and files in this action, and upon any oral argument that the Court may order.

18 |

19 | Dated: March 28, 2018             Respectfully submitted,

20 |                                GRADILLAS COURT REPORTERS, INC.

21 |                                By Counsel,

22 |                                By: _Suzelle M. Smith_

23 |                                Suzelle M. Smith
                               Howarth & Smith
24 |                                523 W. 6th Street, Suite 728
                               Los Angeles, California 90014
25 |                                Telephone: (213) 955 – 9400
                               Facsimile: (213) 622 – 0791
26 |                                ssmith@howarth-smith.com

27 |                                *Counsel for Plaintiff Gradillas Court Reporters, Inc.*

28 |

4

1 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF**

2 **GRADILLAS COURT REPORTERS, INC.'S MOTION TO COMPEL PRODUCTION OF**

3 **DOCUMENTS BY BEHMKE REPORTING AND VIDEO SERVICES**

4 **I.    INTRODUCTION**

5        Plaintiff Gradillas Court Reporters, Inc. ("Gradillas" or "Plaintiff") is a woman and

6 minority-owned international court reporting service. Ms. Josephine Gradillas is the sole owner of

7 the company. Gradillas performs court reporting work, including for various government agencies,

8 such as the Securities and Exchange Commission ("SEC"). Defendants Cherry Bekaert, LLP

9 ("Cherry") and Sara Crabtree ("Crabtree," collectively "Defendants") have served as Gradillas'

10 professional government contracts experts and consultants since 2013, and have acted as Gradillas'

11 Contract Manager on government contracts since 2015. Ms. Crabtree, a senior manager at Cherry,

12 was the primary person working on Gradillas' matters. Cherry has been very successful in

13 preparing and submitting professional and timely bids to government agencies on behalf of

14 Gradillas, including to the SEC.

15        In February of 2017, Plaintiff retained Defendants to prepare and submit a bid for a March

16 2017 SEC Contract solicitation for the provision of court reporting services worldwide

17 ("Worldwide Contract"). Ms. Gradillas informed Cherry of the deadline for submission of bids

18 which was three weeks away on March 17, 2017 at 12:00 PM EST. The SEC specified that the bid

19 would only be awarded to a woman-owned small business contractor. This of course narrowed the

20 competition significantly. SEC contracts are not automatically awarded to the lowest bidder, but

21 are best services contracts where price and a number of other factors, including experience, are

22 taken into account.

23        Cherry submitted Gradillas' bid after the deadline and it was automatically rejected on that

24 basis. Ms. Crabtree emailed the SEC and asked it to accept the late bid, stating that the tardiness

25 was 100% her fault. The SEC responded that, under the controlling regulations, it could not accept

26 the late bid. On January 18, 2018, the bid was awarded to Behmke Reporting and Video Services

27 ("Behmke").

28   / / /

5

1      In the next several months, Behmke was given two purchase orders under the bid, one for

2  $7,000,000 and one for $850,000. There have been two protests of the award to Behmke, both by

3  Free State Reporting, Inc. The first has been dismissed by the SEC General Accountability Office

4  ("GAO"), and the second is pending. The Behmke purchase orders have been cancelled pending

5  the resolution of the second protest. The contract with Behmke has not been cancelled pending the

6  protest.

7      In the meantime, the SEC has hired Gradillas on other contracts, smaller than the March

8  2017 Worldwide Contract.

9      After Cherry failed to prepare and submit the bid on time and refused to compensate

10  Gradillas for the loss of the contract, Gradillas filed suit against Defendants. The case is pending in

11  the U.S. District Court for the Eastern District of Virginia. The trial date is July 17, 2018 and

12  discovery cutoff is May 8, 2018. The operative complaint alleges causes of action for breach of

13  contract and professional malpractice and Defendants have answered.

14      Defendants take the position now that Gradillas cannot prove that it would have been

15  awarded the SEC contract, even if Defendants had properly prepared and submitted the bid on time.

16  Plaintiff's expert, a government contract specialist, Ms. Andrea Wilson of BDO USA, LLP

17  (curriculum vitae attached as Ex. A to the Declaration of Suzelle M. Smith ("Smith Decl.") filed

18  concurrently herewith) has asked Plaintiff to obtain the Behmke bid documents and related

19  information about the award of the bid and the protest in order to help her evaluate and form her

20  expert opinion about the reasonable likelihood that Gradillas would have been awarded the bid, the

21  standard the federal court is applying in this case. *Preferred Sys. Sols., Inc. v. GP Consulting, LLC*,

22  284 Va. 382, 398-99 (2012). Millions of dollars in damages are at stake.

23      Plaintiff has asked the SEC, pursuant to the Freedom of Information Act ("FOIA"), to

24  provide the requested documents. The SEC has refused to do this, citing the regulation prohibiting

25  it from disclosing confidential business information obtained in the bidding process. Smith Decl.

26  Ex. B. After receiving the response to its FOIA request, Plaintiff issued and served the Subpoena

27  for the production of documents on Behmke.

28  ///

6

1     Ms. Paula Behmke spoke with Ms. Alice Gilbert, a paralegal at Howarth & Smith, trial
2   counsel for Gradillas, and agreed to accept the Subpoena and produce the documents with the
3   responsive date of March 1, 2018 in mind. Declaration of Alice Gilbert ("Gilbert Decl.") ¶ 8.
4   Shortly thereafter, counsel for Behmke wrote local Virginia counsel for Gradillas and stated that the
5   documents would not be produced and that Behmke would object. There were a series of phone
6   calls and emails between counsel about the Subpoena, counsel for Gradillas reviewed a case citation
7   supplied by counsel for Behmke and sent case authority in return, and counsel for Gradillas offered
8   to (1) have the production in San Francisco for the convenience of Behmke and (2) execute an
9   "attorneys' and experts' eyes only" protective order, so that any confidential business information
10   of Behmke would not be seen by Gradillas.

11     Ultimately, counsel for Behmke rejected these offers, served objections, and confirmed that
12   Behmke would not produce absent a court order. As discussed more fully below, Behmke is
13   required under the federal rules and case law to comply with the Subpoena, so long as there is a
14   proper protective order executed.

15     This Court has jurisdiction to enforce the Subpoena, as San Francisco is the agreed-upon
16   place of compliance by counsel under the Subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i).

17   **II.     GRADILLAS' SUBPOENA**

18     On February 2, 2018, Gradillas served a Subpoena to Produce Documents (the "Subpoena")
19   relating to Behmke's bid and award of the March 2017 Worldwide Contract, as well as documents
20   tending to show its comparative eligibility for the Contract as compared to Gradillas. *See* Smith
21   Decl. Exs. C and D (Subpoena to Produce Documents to Behmke and Proof of Service, both dated
22   February 2, 2018).

23     The full text of the document production topics is available in the subpoena, attached hereto
24   as Exhibit C to the Smith Declaration, but in summary form, the Subpoena called for the production
25   of the following documents:

26     1. Behmke's bid for the SEC Worldwide contract;

27     2. Communication between the SEC and Behmke concerning its bid;

28     3. Behmke's Contract Award documents;

7

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY BEHMKE REPORTING

1  4. Documents showing payments from the SEC for services under the Behmke Contract

2  Award;

3  5. Documents demonstrating Behmke's status as a woman-owned business;

4  6. Documents for any and all awards that Behmke has competed for or been awarded by the

5  SEC since 2012; and

6  7. Documents sufficient to show government contracts bids that Behmke has competed for

7  since 2012.

8  The Subpoena was served on Behmke at its Burbank office, where Behmke regularly

9  transacts business per Federal Rule of Civil Procedure 45(c)(2). The Subpoena was accepted by a

10  Behmke employee who refused to give his name. Smith Decl. Ex. D; Gilbert Decl. ¶ 4. Production

11  was called for at Howarth & Smith's office, located at 523 W. 6th Street, Suite 728, Los Angeles,

12  CA 90014, by February 20, 2018.

13  As a courtesy to Behmke, and to attempt to avoid any unnecessary disputes and court

14  intervention relating to service, on February 12, 2018, Gradillas attempted service on Behmke at its

15  San Francisco office at the address listed with the Secretary of State, which is 160 Spear Street,

16  Suite 300, San Francisco, CA 94105. Apart from the production and signature dates, this subpoena

17  was identical to the Subpoena served on Behmke's Burbank office. Gilbert Decl. ¶ 9.[1] Production

18  was again called for at Howarth & Smith's office in Los Angeles, this time by March 1, 2018.

19  On February 15, 2018 Ms. Alice Gilbert, an employee with Gradillas' counsel, spoke by

20  phone with Paula Behmke. Ms. Behmke is the President and Founder of Behmke. Ms. Behmke

21  stated that she would accept the Subpoena on February 21, 2018. Gilbert Decl. ¶ 8. Ms. Gilbert

22  advised Ms. Behmke of the March 1, 2018 deadline for production and Ms. Behmke said that she

23  would collect the responsive documents. *Id.* Ms. Gilbert confirmed this appointment via email

24  with Behmke's office on February 15, 2018, which reattached a copy of the subpoena. Gilbert

25  Decl. Ex. A. Per Behmke's agreement, on February 21, 2018, the Subpoena was again served on

26  Behmke at its San Francisco office. Smith Decl. Exs. E and F.

27

28  [1] The initial subpoena was properly noticed on all parties and their attorneys of record. Smith Decl. Ex. C.

8

**III.    RESPONSE TO THE SUBPOENA AND MEET AND CONFER**

On February 23, 2018, Gradillas' Virginia counsel, Robert Tata, received an email from Behmke's counsel, Richard Seabolt, objecting to the subpoena on various grounds, including objections to the place of compliance being Los Angeles (even though this was well within 100 miles of Behmke's Burbank office) and to producing confidential trade secret or commercial proprietary information. Smith Decl. Ex. G.  In responding to Mr. Seabolt's objections, Mr. Tata offered to have Behmke deliver the requested documents to his office in San Francisco, or in PDF format via email. *Id.*

On February 28, 2018, Gradillas' California counsel, Suzelle M. Smith, called Mr. Seabolt to discuss the Subpoena. Smith Decl. ¶ 4. Ms. Smith told Mr. Seabolt that she and her client understood that the documents might contain sensitive commercial information and that the information could be guarded via protective order, either the one already entered by the federal court or another one. *Id.* Mr. Seabolt gave Ms. Smith a case citation, which she reviewed. *Id.* ¶ 5. Howarth & Smith also did further research on the issue of a third-party subpoena in a case involving lost profits damages. *Id.* ¶ 6. On March 7, 2018, Ms. Smith received a letter from Mr. Seabolt containing "more formal objections [to] supplement the objections set out in [Mr. Seabolt's] emails to Mr. Tata on February 23, 2018." Smith Decl. Ex. H. Specifically, Behmke objected to the place of compliance, to the relevance of the Behmke bid documents to Gradillas' claim, and again on trade secret grounds. *Id.*

On March 8, 2018, Ms. Smith sent Mr. Seabolt a letter addressing each of Behmke's objections, including: renewing Mr. Tata's offer to have Behmke comply in San Francisco or via email, offering to stipulate to an "attorneys' and experts' eyes only" protective order, and offering to pay the reasonable costs of production. Smith Decl. Ex. I. In her letter, Ms. Smith distinguished the case provided by Mr. Seabolt on the grounds that it is irrelevant to our situation, and cited relevant and controlling case law. *Id.*

On March 12, 2018, Ms. Smith received a response letter from Mr. Seabolt rejecting Gradillas' compromise offers, renewing Behmke's objections, and declining to produce the documents sought by Gradillas' subpoena. Smith Decl. Ex. J ("Behmke Reporting objects and

9

1    declines to produce documents sought by the Gradillas' [sic] subpoena.").

2           Having made a good faith effort between counsel to resolve the discovery dispute, and after

3    notifying Behmke via email to Mr. Seabolt on March 14, 2018 of Gradillas' intent to move to

4    compel production, Plaintiff now brings this Motion to Compel Production of the requested

5    documents by Behmke, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i). *See* Smith Decl.

6    Ex. K.

7    **IV.    ARGUMENT**

8           **A.    The Requested Documents Are Highly Relevant to Gradillas' Claims and There**

9                **Is No Alternate Source**

10           There is no legitimate dispute that the documents sought by the Subpoena are relevant to

11    Gradillas' claims here. Plaintiff must prove causation and damages on its lost profits claim by a

12    preponderance of the evidence, by showing that it is reasonably likely that the Gradillas bid would

13    have been accepted over the Behmke bid if Defendants had properly prepared and submitted the

14    bid. *Preferred Sys. Sols.*, 284 Va. at 398-99. To sustain its burden, Plaintiff has retained an expert,

15    Ms. Andrea Wilson, who is an experienced government contract consultant and has experience in

16    the award of federal government contracts. Defendants have retained a similar expert. Plaintiff's

17    expert has asked Plaintiff to obtain the Behmke bid documents and related material in order to

18    compare the factors the SEC uses to make the award to the Gradillas and Behmke bids. The expert

19    has said that such a comparison is by far the best way to form an opinion on the likelihood that

20    Gradillas would have received the bid if timely. Declaration of Andrea Wilson ("Wilson Decl.") ¶

21    5. Each of the categories of documents called for by the Subpoena, set forth in summary form

22    above and in the attached Exhibit C to the Smith Declaration, directly bear on this key question.

23    Ms. Paula Behmke apparently initially understood the reasonableness of the request under the

24    circumstances and agreed to produce the documents. Gilbert Decl. ¶ 8.

25           Under the federal rules, the test for relevance is whether the Behmke documents have "any

26    tendency to make [the facts proving causation or lost profit damages] more or less probable than

27    [they] would have been without the evidence." Fed. R. Evid. 401; *Daubert v. Merrell Dow Pharm.,*

28    *Inc.*, 509 U.S. 579, 587 (1993).

1     Behmke's response to the Subpoena implicitly concedes that the document requests meet
2 this standard; it states that "[t]o recover lost profits, as opposed to bid preparation costs, Gradillas
3 would need to provide expert testimony that satisfied both *Daubert* gatekeeping requirements . . .
4 and contract law 'reasonable certainty' requirements . . ." and that Behmke's documents are
5 relevant "to provide a foundation" for that expert testimony. Smith Decl. Ex. H at 3. However,
6 Behmke takes the position that, if it asserts that Gradillas is unlikely to prevail in its case, it can
7 refuse to produce the evidence.

8     Behmke's "relevance" objection recites that, in its view, Plaintiff has "evidentiary and
9 substantive hurdles . . . in its lawsuit," that any expert testimony on the issue of lost profits is
10 "ultimately inadmissible" and that, due to a bid protest, Behmke does not yet have an "operative
11 contract" with the SEC, as grounds for refusing to produce the evidence. Smith Decl. Ex. H at 3.
12 None of these opinions on the case are a ground for refusing to comply with a subpoena seeking the
13 evidence and data here. *See Gonzales v. Google, Inc.*, 234 F.R.D. 674 (N.D. Cal. 2006).

14     Neither a third party's opinion of admissibility nor any pre-assessment of the merits of a
15 case are proper grounds for refusing to comply with a subpoena. "Relevance is construed more
16 broadly for discovery purposes than for trial, and information is discoverable even if it might not
17 itself be admissible." *Ashman v. Solectron Corp.*, No. C08-01430 HRL, 2009 WL 1684725, at *4
18 (N.D. Cal. June 12, 2009) (citing Fed. R. Civ. Pro. 26(b)(1)); *Scott v. Clarke*, No. 3:12-CV-00036,
19 2013 WL 6158458, at *5 (W.D. Va. Nov. 25, 2013). It is well-settled that discovery motions are
20 not an appropriate forum to prejudge a case. *Sou v. Bash*, No. 2:15-CV-698-APG-VCF, 2015 WL
21 7069297, at *2 (D. Nev. Nov. 10, 2015) (citing *Ministerio Roca Solida v. U.S. Dep't of Fish &*
22 *Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013)); *Equal Employment Opportunity Commission v.*
23 *Fisher Sand and Gravel Co.*, No. CV 09-0309 MV/WPL, 2009 WL 10696549, at *2 (D.N.M. Dec.
24 14, 2009) ("It would be improper to prejudge now, during the discovery phase, whether the EEOC
25 will be able to prevail on its claim for punitive damages at trial or whether instead Fisher will
26 prevail on its defense. The EEOC is not required to establish a prima facie case on punitive
27 damages before being entitled to discovery on the issue.") (citing *EEOC v. Envtl. & Demolition*
28 *Servs.*, 246 F.R.D. 247, 249 (D. Md. 2007); *EEOC v. AutoZone Inc.*, 631 F. Supp. 2d 1076, 1079

1    (C.D. Ill. 2009)); *Hartford Accident & Indem. Co. v. Superior Court*, 37 Cal. App. 4th 1174, 1182

2    n.3 (1995). Thus, at the discovery stage, Gradillas need not show that it has a "reasonable

3    certainty" of proving lost profit damages, merely that Behmke's documents are relevant to an issue

4    in the case.

5         Therefore, Behmke's "relevance" objections to Gradillas' Subpoena are improper and

6    should be overruled.

7        **B.**     **Behmke Cannot Refuse to Produce Based on Its Claim of Trade Secret**

8              **Immunity**

9         1.     There Is No Absolute Privilege For Trade Secrets

10        Behmke next objects and refuses to comply with the Subpoena on the grounds that "the

11    documents requested contain Behmke Reporting trade secrets and commercial proprietary

12    information that if disclosed, especially to a competitor like Gradillas, would cause substantial

13    competitive harm to Behmke Reporting." Smith Decl. Ex. H at 4. However, federal law does not

14    provide blanket protection for relevant evidence as to which there is a claim of trade secret

15    protection for a non-party to the underlying case.

16        The case of *Gonzales v. Google, Inc.*, 234 F.R.D. 674 (N.D. Cal. 2006) is on point here. In

17    *Gonzales*, the ACLU and other plaintiffs sued the United States government, challenging the

18    constitutionality of the Child Online Protection Act. *Id.* at 678. The Government subpoenaed a

19    nonparty, Google, to provide search index information and user search queries, and moved to

20    compel compliance. *Id.* at 679. The Court held that confidential trade secret information is subject

21    to disclosure pursuant to a subpoena if the party issuing the subpoena can demonstrate that the

22    requested discovery is relevant and important to judicial determination of the case, and if that

23    disclosure is subject to a protective order and payment of reasonable costs. *Id.* at 685-88.

24        Of note, the Court specifically stated that "there is no absolute privilege for trade secrets and

25    similar confidential information." *Id.* at *685* (quoting *Centurion Indus., Inc. v. Warren Steurer and*

26    *Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981) (citing *Federal Open Market Committee v. Merrill*, 443

27    U.S. 340, 362 (1979))); *see also Pasadena Oil & Gas Wyoming LLC v. Montana Oil Properties*

28    *Inc.*, 320 F. App'x 675, 677 (9th Cir. 2009) ("Under federal law, there is no absolute privilege for

12

1   trade secrets; instead, courts weigh the claim to privacy against the need for disclosure in each case,

2   and district courts can enter protective orders allowing discovery but limiting the use of the

3   discovered documents."); *Omega S.A. v. Costco Wholesale Corp.*, No. CV 04-5443-TJH RCX,

4   2005 WL 6411417, at *2 (C.D. Cal. June 8, 2005) (applying the balance-shifting test for trade secret

5   subpoena and compelling disclosure, subject to protective order, because plaintiff showed its need

6   for the information to prove the elements of its claim).

7       Behmke argues that *Gonzales* "does not support [Gradillas'] position" because the Court did

8   not grant the full discovery sought and because the requested information was not a full trade secret

9   but characterized by the Court as only "somewhat commercially sensitive."  Smith Decl. Ex. J at 4.

10  Further, Behmke attempts to distinguish by noting that "Google's competitors, AOL, Yahoo, and

11  Microsoft produced the same type of data pursuant to the Government's request without objection."

12  *Id.*

13      Behmke's attempts to distinguish Gonzales fail.  First, in making its "substantial need"

14  analysis, the Gonzales Court expressly applied trade secret analysis, not any "somewhat

15  commercially sensitive" information analysis, as Behmke suggests. *Gonzales*, 234 F.R.D. at 685-86

16  ("The determination of substantial need is particularly important in the context of enforcing a

17  subpoena when discovery of trade secret or confidential commercial information is sought from

18  non-parties."). *Gonzales* was explicit that it was applying the test for the trade secret objection that

19  Behmke asserts in response to the Subpoena; it is therefore directly applicable to the instant matter.

20      Further, the reason that the *Gonzales* court granted only a portion of the discovery sought by

21  the Government was that the full discovery sought was cumulative and duplicative.  *Id.* at 686.

22  Gradillas' discovery subpoena is neither cumulative nor duplicative, and Behmke has not alleged so

23  or objected on those grounds.  Indeed, Behmke originally agreed to produce.  Gilbert Decl. ¶ 8.

24  Further, Gradillas tried to get the information from the SEC before asking Behmke, but the SEC

25  said that it could not disclose this information, only Behmke.  In short, the only way to get the

26  relevant documents is from Behmke.

27      Also, whether one's competitors willingly discloses the same kind of information has no

28  bearing on whether that information is commercially sensitive or trade secret information under the

1    law. *Gonzales*, 234 F.R.D. at 684-85 (laying out and applying the test for trade secret information).

2    In *Gonzales*, the Court mentions AOL, Yahoo, and Microsoft's disclosures in the context of

3    determining whether the Government truly has a "substantial need" for Google's information in

4    addition to the information provided by its competitors. *Id.* at 685-86. The Court there determined

5    that its competitors' production did not negate the "substantial need" for Google's information, not

6    that the production made it unnecessary for Google to produce. *Id.* Here, Gradillas attempted to get

7    the information from the SEC, but its rules require plaintiff to go to the source.

8    Behmke has cited *McDonnell Douglas Corp. v. NASA*, 180 F.3d 303 (D.C. Cir. 1999) for the

9    proposition that, if a third party will suffer substantial competitive harm, that prevents disclosure.

10    Smith Decl. Ex. H at 4. First, Behmke has failed to provide any proof that all of the documents

11    requested under Gradillas' subpoena are protected trade secrets which would cause Behmke

12    "substantial competitive harm" if disclosed. And here, the disclosure will not be to the competitor,

13    but to counsel and experts only. From this limited disclosure, no competitive harm can come.

14    Furthermore, *McDonnell*, a case obviously not controlling authority, dealt with the

15    disclosure of confidential information pursuant to a FOIA request. 180 F.3d at 304. In *McDonnell*,

16    a government contractor sued the government, claiming that the National Aeronautics and Space

17    Administration's (NASA's) decision to release pricing information relating to its contract in

18    response to a FOIA request was improper, and that the pricing information should be protected

19    under the Trade Secrets Act and FOIA Exemption 4. *Id.* at 304-05.

20    Here, the disclosure is in response to a subpoena in a civil action, not pursuant to FOIA, and

21    the subpoena does not implicate any FOIA Exemptions or the Trade Secrets Act, 18 U.S.C. § 1905,

22    which provides for sanctions where officers or employees of the United States disclose trade secrets

23    which come to them in the course of their employment. The Trade Secrets Act does not apply to

24    Gradillas' subpoena to Behmke and the D.C. Circuit's findings based on the statute are completely

25    inapplicable to the instant case.

26    The law is therefore clear here that there is no blanket prohibition on the discovery of

27    information as to which there is a trade secret claim. Rather, as the *Gonzales* court held, where the

28    party issuing the subpoena can demonstrate that the requested discovery is relevant and important to

14

**1** judicial determination of the case, and that disclosure may be subject to a protective order and

**2** payment of reasonable costs, a trade secret objection will not prevent discovery.

**3**       2.      Gradillas Has Shown A Substantial Need for Behmke's Documents

**4**       As set forth above, there can be no legitimate dispute as to the relevance of the requested

**5** documents to Gradillas' case. Behmke has not objected to Gradillas' substantial need for the

**6** documents requested by Gradillas' subpoena. In fact, as previously noted, Behmke has conceded

**7** that these documents are relevant to Gradillas' lost profits expert testimony, which is an important

**8** part of its case in chief. *See* supra (IV)(A); Smith Decl. Ex. H at 3. Furthermore, there is no

**9** alternative way to get this particular information. As "substantial need" is not disputed here, and

**10** cumulative or duplicative discovery is not alleged, Gradillas' subpoena is enforceable under the

**11** *Gonzales* test. *See Gonzales*, 234 F.R.D. 674.

**12**       3.      Gradillas Has Offered to Stipulate to a Protective Order and Pay Costs

**13**       Even if Behmke could show a legitimate need for trade secret protection here, such a

**14** concern is also addressed by use of an appropriate protective order. The Ninth Circuit has found

**15** that protective orders may strike a reasonable balance between the interests of one party in

**16** prosecuting its case and another in protecting proprietary information. *Brown Bag Software v.*

**17** *Symantec Corp.*, 960 F.2d 1465, 1470-71 (9th Cir. 1992). District Courts within the Fourth Circuit

**18** hold similarly. *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 381 (D. Md. 2014); *Gyro-*

**19** *Trac Corp. v. Vermeer Mfg. Co.*, No. 2:11-CV-02533-RMG, 2012 WL 13002179, at *1 (D.S.C.

**20** Aug. 21, 2012).

**21**       Gradillas has offered during its meet and confer efforts to stipulate to an "attorneys' and

**22** experts' eyes only" protective order for any trade secret or commercial proprietary information

**23** produced by Behmke in this matter, in order to prevent any such information from reaching any of

**24** Behmke's competitors, including the Plaintiff in this case. A proposed draft protective order, the

**25** same as was mailed to Mr. Seabolt on March 8, 2018, is attached to the Smith Declaration as

**26** Exhibit L.

**27**   / / /

**28**   / / /

15

**1** Gradillas is also prepared to pay the reasonable cost of copying and delivering the

**2** documents to Mr. Tata's office in San Francisco or the reasonable cost of scanning and sending the

**3** documents in PDF format via email to Mr. Tata and Ms. Smith, which would be minimal.

**4** Thus, Gradillas clearly meets the requirements for production as set forth in the *Gonzales*

**5** case and its motion should be granted.

**6** ## V. BEHMKE'S PLACE OF COMPLIANCE OBJECTION IS MOOT

**7** Per Federal Rule of Civil Procedure 45(c)(2), a document subpoena may command

**8** production "at a place within 100 miles of where the person . . . regularly transacts business in

**9** person." Behmke keeps an office in Burbank that Behmke's counsel has represented is for the

**10** purpose of taking depositions, which Behmke is in the business of doing because it is a court

**11** reporter. As set forth above, this location is staffed; there was an employee available at the office to

**12** receive service of Gradillas' first subpoena. It is also under 20 miles from Howarth & Smith in Los

**13** Angeles, which makes the place of production in the original Subpoena well within the 100-mile

**14** radius of Behmke's office required by Rule 45.

**15** Nevertheless, any objection by Behmke on the basis of the place of production has been

**16** mooted, as Gradillas agrees to accept production at the Hunton & Williams San Francisco office,

**17** located at 50 California Street, Suite 1700, San Francisco, CA 94111, or via email to Ms. Smith and

**18** Mr. Tata. This is within the required range as measured from Behmke's San Francisco office.

**19** Therefore, any objection to the Subpoena based on the place of production fails, and is moot

**20** in any event. Thus, Gradillas' motion to compel should be granted.

**21** ## VI. CONCLUSION

**22** For the foregoing reasons, Gradillas respectfully requests this Court to grant its Motion and

**23** enter an Order compelling Behmke to produce the documents responsive to each of the requests

**24** contained in Gradillas' subpoena.

**25**

**26**

**27**

**28**

16

| | | |
|---|---|---|
| 1 | Dated: March 28, 2018 | Respectfully submitted, |
| 2 | | GRADILLAS COURT REPORTERS, INC. |
| 3 | | By Counsel, |
| 4 | | By: _Suzelle M. Smith_ |
| 5 | | Suzelle M. Smith<br>Howarth & Smith |
| 6 | | 523 W. 6th Street, Suite 728<br>Los Angeles, California 90014 |
| 7 | | Telephone: (213) 955 – 9400<br>Facsimile: (213) 622 – 0791<br>ssmith@howarth-smith.com |
| 8 | | |
| 9 | | *Counsel for Plaintiff Gradillas Court Reporters, Inc.* |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

17

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 523 W. Sixth Street, Suite 728, Los Angeles, California 90014.

On March 28, 2018, I served the foregoing document described as:

**PLAINTIFF GRADILLAS COURT REPORTERS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY BEHMKE REPORTING AND VIDEO SERVICES**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Richard L. Seabolt, Esq.
Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105
RLSeabolt@duanemorris.com

*Counsel for Behmke Reporting and Video Services*

John Peter Glaws, Esq.
Kevin Michael Murphy, Esq.
CARR MALONEY PC
2020 K Street NW
Suite 850
Washington, D.C. 20006
jpg@carrmaloney.com
kmm@carrmaloney.com

*Counsel for Cherry Bekaert, LLP and Sara Crabtree*

[X]    (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

[X]    (BY E-MAIL) I caused such document to be transmitted electronically to the e-mail address(es) of the person(s) set forth above.

[X]    (FEDERAL) I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 28, 2018, at Los Angeles, California.

Alice Gilbert

1

PROOF OF SERVICE